# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 27, 2007

Charles R. Fulbruge III
Clerk

No. 06-41143
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

EDUARDO ESTRADA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-2226-ALL

Before GARWOOD, WIENER and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Eduardo Estrada challenges the sufficiency of the evidence to support his conviction for possession of methamphetamine with intent to distribute, a violation of 21 U.S.C. § 841. To convict Estrada of possession of methamphetamine with intent to distribute, the Government was required to prove that he (1) knowingly; (2) possessed methamphetamine; (3) with the intent to distribute it. See United States v. Martinez-Lugo, 411 F.3d 597, 599 n.1 (5th

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir. 2005). Estrada argues that the evidence does not suffice to allow the jury to find beyond a reasonable doubt that he knew that the van he was driving when he was arrested secreted methamphetamine.

The Government adduced evidence, which, when viewed in the light most favorable to the verdict, established that Estrada was aware that he transported methamphetamine in a secret compartment of the van. See United States v. Resio-Trejo, 45 F.3d 907, 910 (5th Cir. 1995). Trial evidence indicated that Estrada switched lanes several times at the checkpoint after Agent Trevino crossed in front of Estrada's van. Estrada gave inconsistent statements about his residence and his family. The prior owner of the van did not install the secret compartment; Estrada owned the van when the compartment was added. He had recently purchased the vehicle for $10,000 in United States currency (mostly $100 bills). Estrada did not appear surprised when the agents discovered the methamphetamine. Finally, the methamphetamine was worth hundreds of thousands of dollars, depending on where it was sold.

The jury was not required to believe all of the testimony of the only defense witnesses, Estrada's half-sister and his twenty-two year old brother; and, in any event that testimony does not mandate a not guilty verdict. Taken as a whole, the evidence was more than sufficient for a reasonable jury to find beyond a reasonable doubt that Estrada knew of the presence of the contraband. See United States v. Gamez-Gonzalez, 319 F.3d 695, 699 (5th Cir. 2003); United States v. Casilla, 20 F.3d 600, 606-07 (5th Cir. 1994).

Accordingly, Estrada's conviction is AFFIRMED.